IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| SHANNON M. MUCHMORE, ) | |
| ) | |
| Plaintiff, ) | No. 10cv138 EJM |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability and supplemental security income benefits. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of January 1, 2007, plaintiff alleges disability due to multiple impairments. She asserts the Administrative Law Judge (ALJ) failed to properly assess the opinions of treating psychiatrist Dr. Safdar, failed to properly evaluate the opinions of the state agency psychological consultants, failed to fully and fairly develop the record in not obtaining work-related mental limitations from a treating or examining medical source, and failed to properly consider her subjective allegations, particularly in light of her medications and their side effects. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe combination of impairments include bipolar disorder, obesity, asthma, and gastroesophageal reflux disease, but found plaintiff able to engage in substantial gainful activity.

Upon review of the record as a whole, the court concludes that the ALJ erred in discounting the opinion of treating physician Dr. Safdar, see T. 450-455, and in not discussing the views of the psychological consultants, Dr. Schafer and Dr. Kazmierski, who found somewhat greater limitations than those found by the ALJ. It is the court's view that the treating physician's views are not inconsistent with treatment records. Additionally, the court notes that in discussing plaintiff's testimony as to the side effects of medication and plaintiff's avoiding driving, the ALJ observed that as plaintiff only leaves her house for medical appointments, side effects aren't problematic because plaintiff doesn't leave her home. To the extent relied upon as an inconsistency supporting discounting the credibility of plaintiff's subjective allegations as to the side effects of medication, this was error.

Accordingly, the court finds the Commissioner's decision is not supported by substantial evidence on the record as a whole.

This matter shall be reversed and remanded for further proceedings in accordance herewith, including reconsideration of the views of the treating physician, the agency consulting physicians, and the side effects of medications.

It is therefore

ORDERED

Reversed and remanded for further consideration herewith.

June 28, 2011.

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT